FILED

1

**Nicholas Mark Lucero**
Defendant in Unlawful Detainer
2    **27670 Sylvia Ave.**
**Menifee, CA 92585**
3    **Telephone: (951)393-7050**
Email: jehovahjirah0104@gmail.com

2023 DEC 18  PM 3:20

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY: _____ (AP)

4

5                      **UNITED STATES DISTRICT COURT**

6        **CENTRAL DISTRICT OF CALIFORNIA-RIVERSIDE DIVISION**

7

8    **ROBERT LEROY LUCERO, SR;**              ) **CIVIL ACTION NUMBER:**
                                              )
9    **SOPHIA MARIA RESENDEZ.,** ED CV 23 - 02576-JGB(SP)
                                              )
10                      **Plaintiffs,**        ) **28 U.S.C. SECTION 1443(1)**
                                              ) **NOTICE OF REMOVAL FROM**
11        **vs.**                             ) **RIVERSIDE COUNTY, CALIFORNIA**
                                              ) **SUPERIOR COURT(CIVIL-LIMITED**
12                                            ) **JURISDICTION) CASE NO.**
     **NICHOLAS MARK LUCERO.,**               ) **UDSW2302163**
13                                            )
                      **Defendant.**          ) **NICHOLAS MARK LUCERO**
14                                            ) **NOTICE OF REMOVAL FOR VIOLATION**
                                              ) **OF EQUAL PROTECTION CLAUSE**
15                                            ) **UNDER 28 U.S.C. SECTION 1443(1)**
                                              )
16                                            )

17

18

19   _____

20                       **NOTICE OF REMOVAL**

21        I, Nicholas Mark Lucero, (aka "Nick Lucero"), named as Defendant in the above-

22   entitled-and-numbered Unlawful Detainer Action, (hereinafter "Defendant") come before

23   the Court with this Notice of Removal pursuant to Civil Rights Equal Protection under 28 U.S.C.

24   Section 1443. The Defendant's Notice of Removal is based on sound legal arguments and facts,

25   all complete files and records used in support of, and all oral arguments and testimony the

26   Defendant will present in Court as needed.

27

28

1

2

3

4    **TWO PROVISIONS OF LAW AUTHORIZING REMOVAL IN THIS CASE**

5    (1)**THE CIVIL RIGHTS REMOVAL STATUTE- 28 U.S.C. SECTION 1443(1):**

6        Any of the following civil actions or criminal prosecutions, commenced in a State

7        court may be removed by the defendant to the district court of the United States for the

8        district and division embracing the place wherein it is pending:

9        (1)Against any person who is denied or cannot enforce in the courts of such State a right

10       under any law providing for the equal civil rights of citizens of the United States, or of all

11       persons within the jurisdiction thereof.

12   (2)**US CONSTITUTION- ARTICLE VI, SECTION 2- SUPREMACY CLAUSE:**

13       This Constitution, and the Laws of the United States which shall be made in Pursuance

14       thereof; and all treaties made, or which shall be made, under the Authority of the United

15       States shall be the Supreme Law of the Land; and the Judges in every State shall be bound

16       thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

17

18   **BACKGROUND: UNLAWFUL DETAINER ORDERS**

19   (3)On December 12, 2023, the California Superior Court "of Limited Jurisdiction" in-and-for

20   Riverside County, entered Judgment in favor of Plaintiffs for a Writ of Execution (See Exhibit D).

21   (4)On December 15, 2023, a Writ of Possession was served by the Riverside County

22   Sheriff's Office authorizing a "Notice to Vacate" and "Sheriff Lock-Out" to take place on

23   Tuesday, December 26, 2023, at 6:01 AM against the defendant at 27670 Sylvia Ave., Menifee, CA

24   92585 (See Exhibit E ). I file this Notice of Removal to deprive the Riverside County Sheriff of

25   Power to execute this unlawful eviction.

26   **THE DEFENDANT'S NOTICE OF REMOVAL IS TIMELY**

27   (5)WHEREFORE, in that this Notice is filed on Monday, December 18, 2023, and properly

28

1  served, all parties of interest will be given ample notice before the December 26th deadline.

2  **PLAINTIFF SOPHIA MARIA RESENDEZ LACKS STANDING TO PROSECUTE HER**

3  **CLAIMS UNDER FEDERAL RULES OF PROCEDURE, RULE 17**

4  (6)Federal Rules of Civil Procedure, Rule 17, which states in pertinent part "Every action shall be

5  prosecuted in the name of the real party in interest."

6  (7)A real party in interest is the party with the right to sue or enforce a claim under the applicable

7  and substantive law. *U-Haul Int'l, Inc. v. Jartran, Inc.(1986)9th Cir. 793. F. 2d 1034, 1038;*

8  *Allstate Ins. Co. v. Hughes (2004) 9th Cir. 358 F. 3d 1089, 1094; American Triticale, Inc. v. Nytco*

9  *Services, Inc. (1981)9th Cir. 664 F. 2d 1136, 1141.* A "real party in interest" is a far narrower party

10  and is usually limited to a single party. The real party in interest is "the person who, according to

11  the governing substantive law, is entitled to enforce the right."

12  (8)In the present action, Plaintiff Sophia Maria Resendez has committed fraud and

13  misrepresentation posing as the 'Landlord' in Unlawful Detainer proceedings (See Exhibit B).

14  She has presented no evidence she has an interest in the property and has only brought

15  fraud upon this court.

16  **PLAINTIFF ROBERT LEROY LUCERO SR. AND HIS WIFE DIANNE LUCERO HAVE**

17  **JOINT TENANCY IN THE PROPERTY AT 27670 SYLVIA AVE., MENIFFE, CA 92585**

18  **UNDER CALIFORNIA COMMUNITY PROPERTY LAWS**

19  (9)California Family Code Section 760 states "Except as otherwise provided by statute, all property,

20  real or personal, wherever situated, acquired by a married person during the marriage while

21  domiciled in this state is community property." Plaintiff Robert Leroy Lucero SR. and Dianne

22  Lucero have been married since 2019 and left for Wyoming during 2021. They escaped threats from

23  Plaintiff Sophia Maria Resendez and the Defendant's sole brother, Robert Leroy Lucero Jr. The

24  defendant's siblings were upset about the marriage, realizing a loss of property rights to Dianne

25  Lucero. No pre-nuptial agreement was recorded before the marriage took place.

26

27

28

1    **CO-LANDLORD ROBERT LEROY LUCERO SR. HAS A RESIDENTIAL LEASE**

2    **AGREEMENT WITH DEFENDANT NICHOLAS LUCERO**

3    A residential lease agreement exists between Plaintiff Robert Leroy Lucero Sr. and Nicholas Mark

4    Lucero. This agreement began on August 9, 2021 and ends on August 31, 2024. All terms of the

5    agreement have been satisfied to the present. The Plaintiffs are attempting to terminate the lease

6    agreement prematurely citing 'no fault just cause and the plaintiff provided a direct payment of one

7    month's rent under section 1946.2(d)(3) equaling $550.00 to Nicholas Mark Lucero'

8    (See Exhibit B). Payment was never given to the Defendant by the Plaintiffs in the amount of

9    $550.00 as claimed. The Plaintiffs have no grounds to evict the Defendant in this civil action.

10   **PLAINTIFF SOPHIA MARIA RESENDEZ AND ROBERT L. LUCERO JR. COMMITTED**

11   **FEDERAL IDENTITY FRAUD UNDER 18 U.S.C. SECTION 1028**

12   (10)18 U.S.C. Section 1028 (a)(7) states "Whoever, in a circumstance described in subsection (c)

13   of this section knowingly transfers, possesses, or uses, without lawful authority, a means of

14   identification of another person with the intent to commit, or to aid to abet, or in connection with,

15   any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under

16   any applicable State or local law".  A Grant Deed was recorded on October 5, 2021,

17   at the Riverside County Recorder's Office (See Exhibit A). The document purports "Robert L.

18   Lucero, Trustee of the Robert L. Lucero Revocable Trust, dated June 10, 2020, hereby grant(s) to

19   Robert L. Lucero, a married man as his sole and separate property." This document is confusing and

20   appears to transfer the real property of Plaintiff Robert L. Lucero to himself. The only other

21   explanation is Plaintiff Robert L. Lucero is transferring the property to his son, Robert L. Lucero.,

22   Jr. The document further purports Robert L. Lucero to be a "married man as his sole and separate

23   property." Only Robert L. Lucero Sr. has ever been married. Robert L. Lucero Jr. has never been

24   married. The document also gives Robert L. Lucero's address as "26293 Aleppo Pine Circle,

25   Menifee, CA 92584". Only Plaintiff Sophia Maria Resendez has ever lived at this address and lives

26   there to this day. Neither Robert L. Lucero Sr. nor Robert L. Lucero Jr. have ever lived at this

27   address. Robert L. Lucero Jr. is using the strong resemblance in Robert L. Lucero Sr.'s name to

28

- 4 -

1  identify theft him and defraud the Riverside County Recorder's Office and the Courts to believe his

2  father was granting the real property to him. This is identity theft and fraud in its highest form. Joint

3  tenant Dianne Lucero never relinquished her interest in the property to neither of Robert L. Lucero

4  Sr.'s children. They have known about the marriage since it took place in 2019. Robert L. Lucero

5  Jr. never appeared as a Plaintiff in the Unlawful Detainer proceedings and supposedly owns the real

6  property.

7  **PLAINTIFF SOPHIA MARIA RESENDEZ AND ROBERT L. LUCERO JR. COMMITTED**

8  **FORGERY UNDER 18 U.S.C. CODE SECTION 471**

9  (11)Under 18 U.S.C. Section 471 forgery is defined as "whoever, with intent to defraud, falsely

10  makes, forges, counterfeits, or alters any obligation or other security of the United States, shall

11  be fined under this title or imprisoned not more than fifteen years, or both." The complaint

12  for the unlawful detainer eviction lists the Defendant's father, Robert Leroy Lucero Sr. as

13  a co-Plaintiff. On page 4 of 4 of the UD complaint, a forged signature of Robert Leroy Sr. appears

14  above co-Plaintiff Sophia Maria Resendez's name and the right of her name twice (See Exhibit B).

15  The handwriting resembles the signature of Robert Leroy Lucero Jr. The same forgery and pattern

16  appears on the 'Plaintiff's Mandatory Cover Sheet and Supplemental Allegations-Unlawful

17  Detainer on page 5 of 5 (See Exhibit C). Recent conversations with the Defendant's father, Robert

18  Leroy Lucero Sr., reveals he had no knowledge of the Unlawful Detainer let alone signing his name

19  to it. Robert Leroy Lucero Sr. has lived in Wyoming since 2021 and has not returned to California

20  since. He could not have possibly produced his signature in the unlawful detainer action.

21  **CONCLUSION**

22  (12)Wherefore, I ask the United States District Court for Central District of California, and for

23  the Riverside Division to take cognizance of this removal and to enforce my equal rights to equal

24  protection under the law pursuant to 42 U.S.C. Sections 1981-1982 and the US Constitution. No

25  grounds exist to warrant a Writ of Possession or Eviction in this present action.

26  Date: December 18, 2023                                          Respectfully Submitted,

27                                                                          Nicholas Mark Lucero

28

**PROOF OF SERVICE**

I, Greg Resendez, am over the age of 18, am not a party to this action. My residence is at 29093 Overboard Drive, Menifee, CA. I am competent to make the following statement:

On Monday, December 18, 2023, I served the above-and-foregoing NOTICE OF REMOVAL PURSUANT TO CIVIL RIGHTS under 28 U.S.C. Section 1443(1) by regular U.S. First Class Mail, postage prepaid, to the following Plaintiffs:

Robert Leroy Lucero, Sr.

617 W. Hugus St.

Rawlins, Wyoming 82301-0728

Sophia Maria Resendez

26293 Aleppo Pine Circle

Menifee, CA 92584

And also by hand-delivery to :

Riverside Superior Court

Riverside Historic Courthouse

4050 Main Street

Riverside, CA 92501

US District Court

3470 12th Street

Riverside, CA 92501

Office of the US Trustee

United States Courthouse

3801 University Ave. #720

Riverside, CA 92501

Printed Name: Greg Resendez                Signature:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A:
## Grant Deed

NICHOLAS MARK LUCERO: 28 U.S.C. SECTION 1443(1) NOTICE OF REMOVAL FROM RIVERSIDE COUNTY, CALIFORNIA
SUPERIOR COURT CASE NO. UDSW2302163 FOR VIOLATION OF EQUAL PROTECTION AND DUE PROCESS OF LAW

DOC #2021-0594024 Page 2 of 2

RECORDING REQUESTED BY
Robert L. Lucero

AND WHEN RECORDED MAIL TO:

Name: Robert L. Lucero
Address: 26293 Aleppo Pine Circle
City & State: Menifee, CA
Zip: 92584

ASSESSORS PARCEL NO. 331-371-006-2

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## GRANT DEED

The undersigned Grantor(s) declare(s) under penalty of perjury that the following is true and correct:
Documentary transfer tax is $         0.00 .
☐ Computed on full value of property conveyed, or
☐ Computed on full value less value of liens and encumbrances remaining at time of sale.
☐ Unincorporated area: ☒ City of Menifee                                                  , and
FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
Robert L. Lucero, Trustee of THE ROBERT L. LUCERO REVOCABLE TRUST,
dated June 10, 2020
hereby GRANT(S) to
Robert L. Lucero, a married man as his sole and separate property

the following described real property in the City of Menifee         , County of Riverside , State of California:
Parcel 2 and Lot B of Parcel Map 9018, as shown in Book 45, Page 53
of Parcel Maps, in the office of the County Recorder of said County.

Property commonly known as: 27670 Sylvia Way, Menifee, CA 92585

Dated    10-05-2021        _Robert L. Lucero_

                                                    Robert L. Lucero, Trustee
ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed
the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Riverside

On 10-05-2021          before me, John Weber Notary Public
                                          (HERE INSERT NAME, AND TITLE OF THE OFFICER)
personally appeared  ROBERT L. LUCERO

who proved to me on the basis of satisfactory evidence to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s),
or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.
Signature

JOHN WEBER
COMM. #2303840
Notary Public - California
Riverside County
My Comm. Expires Sep. 1, 2023

                                                              (SEAL)

Title Order No.  ----                    Escrow, Loan, or Attorney File No.  ----
MAIL TAX STATEMENTS TO:
SAME AS ABOVE
        NAME                              ADDRESS                    CITY, STATE, ZIP
                              GRANT DEED

NONJC-010 Rev. 07/01/2015   CEB   Essential Forms
                            ceb.com

                                          Lucero, R.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B:

## COMPLAINT- UNLAWFUL DETAINER

UD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | FOR COURT USE ONLY |
|---|---|---|

NAME: Sophia Maria Resendez, Robert LeRoy Lucero Sr.
FIRM NAME:
STREET ADDRESS: 26293 Aleppo Pine Circle
CITY: Menifee    STATE: CA    ZIP CODE: 92584
TELEPHONE NO.: (951)380-9279    FAX NO.:
EMAIL ADDRESS: sophiaresendez@gmail.com
ATTORNEY FOR (name): Pro Se

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside
STREET ADDRESS: 30755-D Auld Rd
MAILING ADDRESS:
CITY AND ZIP CODE: Murrieta, Ca 92563
BRANCH NAME: South West Justice Center

NOV 0 8 2023

S.Vazquez

PLAINTIFF: Sophia Maria Resendez, Robert LeRoy Lucero Sr.

DEFENDANT: Nicholas Mark Lucero

[ x ] DOES 1 TO 10

| **COMPLAINT—UNLAWFUL DETAINER*** | CASE NUMBER: |
|---|---|
| [ x ] COMPLAINT ☐ AMENDED COMPLAINT  (Amendment Number): | UDSW2302163 |

**Jurisdiction** (check all that apply):

[ x ] **ACTION IS A LIMITED CIVIL CASE**
Amount demanded   [ x ] does not exceed $10,000.
☐ exceeds $10,000 but does not exceed $25,000.
☐ **ACTION IS AN UNLIMITED CIVIL CASE** (amount demanded exceeds $25,000)
☐ **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint (check all that apply):
   ☐ from unlawful detainer to general unlimited civil (possession not in issue).   ☐ from limited to unlimited.
   ☐ from unlawful detainer to general limited civil (possession not in issue).   ☐ from unlimited to limited.

1. *PLAINTIFF (name each):*
   Sophia Maria Resendez, Robert LeRoy Lucero Sr.

   *alleges causes of action against DEFENDANT (name each):*
   Nicholas Mark Lucero

2. a. Plaintiff is  (1) [ x ] an individual over the age of 18 years.  (4) ☐ a partnership.
                 (2) ☐ a public agency.              (5) ☐ a corporation.
                 (3) ☐ other (specify):

   b. ☐ Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. a. *The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):*
      27670 Sylvia Ave. Menifee, CA 92585

   b. The premises in 3a are (check one)
      (1) [ x ] within the city limits of (name of city): Menifee
      (2) ☐ within the unincorporated area of (name of county):

   c. The premises in 3a were constructed in (approximate year): 1977

4. Plaintiff's interest in the premises is [ x ] as owner  ☐ other (specify):

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

**\* NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 4

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. September 1, 2020]

**COMPLAINT—UNLAWFUL DETAINER**

Civil Code, § 1940 et seq;
Code of Civil Procedure §§ 425.12, 1166
www.courts.ca.gov

UD-100

| PLAINTIFF: Sophia Maria Resendez, Robert LeRoy Lucero Sr. | CASE NUMBER: |
|---|---|
| DEFENDANT: Nicholas Mark Lucero | UDSW2302163 |

6.  a.  On or about *(date):* 12/07/2017,10/05/2021,01/01/23

   *defendant (name each):*
   Nicholas Mark Mark Lucero

   (1) agreed to rent the premises as a ☐ month-to-month tenancy ☒ other tenancy *(specify):* Lease
   (2) agreed to pay rent of $ 550.00 payable ☒ monthly ☐ other *(specify frequency):*
   (3) agreed to pay rent on the ☐ first of the month ☐ other day *(specify):*

   b.  This ☒ written ☐ oral agreement was made with
   (1) ☐ plaintiff.    (3) ☐ plaintiff's predecessor in interest.
   (2) ☐ plaintiff's agent. (4) ☒ Other *(specify):* Father (Plantiff 2#)

   c.  ☒ The defendants not named in item 6a are
   (1) ☐ subtenants.
   (2) ☐ assignees.
   (3) ☒ Other *(specify):* Unknown Occupants

   d.  ☐ The agreement was later changed as follows *(specify):*


   e.  ☒ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

   f.  ☐ *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason):*
   (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
   (2) ☐ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7.  The tenancy described in 6 *(complete (a) or (b))*

   a.  ☐ is **not** subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy is exempt is *(specify):*

   b.  ☒ is subject to the Tenant Protection Act of 2019.

8.  *(Complete only if item 7b is checked. Check all applicable boxes.)*

   a.  ☐ The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).

   b.  ☒ The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff *(check one)*
   (1) ☐ waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946.2(d)(2), in the amount of $
   (2) ☒ provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $ 550.00 to *(name each defendant and amount given to each):*
   Nicholas Mark Lucero


   c.  ☐ Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9.  a.  ☒ Defendant *(name each):* Nicholas mark Lucero


   was served the following notice on the same date and in the same manner:

   (1) ☐ 3-day notice to pay rent or quit
   (2) ☐ 30-day notice to quit
   (3) ☐ 60-day notice to quit
   (4) ☐ 3-day notice to quit

   (5) ☐ 3-day notice to perform covenants or quit *(not applicable if item 7b checked)*
   (6) ☐ 3-day notice to quit under Civil Code, § 1946.2(c) Prior required notice to perform covenants served *(date):*
   (7) ☒ Other *(specify):* 60-Day Notice of Termination of Tenancy[No Fault]

**COMPLAINT—UNLAWFUL DETAINER**

**UD-100**

| PLAINTIFF: Sophia Maria Resendez, Robert LeRoy Lucero Sr. | CASE NUMBER: |
|---|---|
| DEFENDANT: Nicholas Mark Lucero | |

9.  b.  (1) On *(date)*: 03/09/2023, 06/09/2023    the period stated in the notice checked in 9a expired at the end of the day.

(2) Defendants failed to comply with the requirements of the notice by that date.

c.  All facts stated in the notice are true.

d.  [✗]  The notice included an election of forfeiture.

e.  [✕]  A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)*

f.  [ ]  One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)*

10.  a.  [✗]  The notice in item 9a was served on the defendant named in item 9a as follows:

(1) [✗]  By personally handing a copy to defendant on *(date)*: 12/27/22,12/28/22,1/03/2023

(2) [ ]  By leaving a copy with *(name or description)*:

a person of suitable age and discretion, on *(date)*:    at defendant's

[ ] residence    [ ] business    AND mailing a copy to defendant at defendant's place of residence

on *(date)*:    because defendant cannot be found at defendant's residence or usual place of business.

(3) [✗]  By posting a copy on the premises on *(date)*: 04/09/2023

[✗]  AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises

on *(date)*: 04/28/2023

(a) [ ]  because defendant's residence and usual place of business cannot be ascertained OR

(b) [✗]  because no person of suitable age or discretion can be found there.

(4) [✗]  *(Not for 3-day notice; see Civil Code, § 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date)*:

(5) [ ]  *(Not for residential tenancies; see Civil Code, § 1953, before using)* In the manner specified in a written commercial lease between the parties

b.  [ ]  *(Name)*:

was served on behalf of all defendants who signed a joint written rental agreement.

c.  [ ]  *Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.*

d.  [✗]  *Proof of service of the notice in item 9a is attached and labeled Exhibit 3.*

11.  [ ]  *Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.*

12.  [ ]  *At the time the 3-day notice to pay rent or quit was served, the amount of* **rent due** *was  $*

13.  [ ]  *The fair rental value of the premises is  $*    *per day.*

14.  [ ]  *Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). (State specific facts supporting a claim up to $600 in Attachment 14.)*

15.  [ ]  *A written agreement between the parties provides for attorney fees.*

16.  [ ]  *Defendant's tenancy is subject to the local rent control or eviction control ordinance of  (city or county, title of ordinance, and date of passage):*

Plaintiff has met all applicable requirements of the ordinances.

17.  [✗]  *Other allegations are stated in Attachment 17.*

18.  Plaintiff accepts the jurisdictional limit, if any, of the court.

| PLAINTIFF: | Sophia Maria Resendez, Robert LeRoy Lucero Sr. | CASE NUMBER |
| DEFENDANT: | Nicholas Mark Lucero | UDSW2302163 |

### 19. PLAINTIFF REQUESTS

a. possession of the premises.

b. costs incurred in this proceeding:

c. ☐ past-due rent of $

d. ☐ reasonable attorney fees.

e. ☒ forfeiture of the agreement.

f. ☐ damages in the amount of waived rent or relocation assistance as stated in item 8: $

g. ☐ damages at the rate stated in item 13 from
date:
for each day that defendants remain in possession through entry of judgment.

h. ☐ statutory damages up to $600 for the conduct alleged in item 14.

i. ☐ other (specify):

20. ☐ Number of pages attached (specify):

### UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

21. ☒ (Complete in all cases.) An unlawful detainer assistant ☒ did **not** ☐ did for compensation give advice or assistance with this form. (If declarant has received **any** help or advice for pay from an unlawful detainer assistant, complete a–f.)

a. Assistant's name:

b. Street address, city, and zip code:

c. Telephone no.:

d. County of registration:

e. Registration no.:

f. Expires on (date):

Date: 11/05/2023

Sophia Maria Resendez , Robert LeRoy Lucero SR
(TYPE OR PRINT NAME)

Robert LeRoy Lucero Sr
▶ *Sophia Maria Resendez*
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

### VERIFICATION

(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 10/31/2023

Sophia Maria Resendez , Robert LeRoy Lucero Sr.
(TYPE OR PRINT NAME)

Robert LeRoy Lucero Sr
▶ *Sophia Maria Resendez*
(SIGNATURE OF PLAINTIFF)

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]    [ Clear this form ]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C:

## PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS-UNLAWFUL DETAINER

NICHOLAS MARK LUCERO: 28 U.S.C. SECTION 1443(1) NOTICE OF REMOVAL FROM RIVERSIDE COUNTY, CALIFORNIA SUPERIOR COURT CASE NO. UDSW2302163 FOR VIOLATION OF EQUAL PROTECTION AND DUE PROCESS OF LAW

**UD-101**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | | FOR COURT USE ONLY |
|---|---|---|
| NAME: Sophia Maria Resendez, Robert LeRoy Lucero Sr.<br>STATE BAR NUMBER: | | |

FIRM NAME: Pro Per
STREET ADDRESS: 26293 Aleppo Pine Circle
CITY: Menifee     STATE: CA     ZIP CODE: 92584
TELEPHONE NO.: (951)380-9279     FAX NO.:
EMAIL ADDRESS: sophiaresendez@gmail.com
ATTORNEY FOR (name): Pro Per

FOR COURT USE ONLY

NOV 1 8 2022

S. Valezar

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 30755-D Auld Rd.
MAILING ADDRESS:
CITY AND ZIP CODE: Murrieta, CA 92563
BRANCH NAME: South West Justice Center

PLAINTIFF: Sophia Maria Resendez, Robert LeRoy Lucero Sr.

DEFENDANT: Nicholas Mark Lucero

| PLAINTIFF'S MANDATORY COVER SHEET AND<br>SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER | CASE NUMBER:<br>UD |
|---|---|

*All plaintiffs in unlawful detainer proceedings must file and serve this form. Filing this form complies with the requirement in Code of Civil Procedure section 1179.01.5(c).*
- *Serve this form and any attachments to it with the summons.*
- *If a summons has already been served without this form, then serve it by mail or any other means of service authorized by law.*
- *If defendant has answered prior to service of this form, there is no requirement for defendant to respond to the supplemental allegations before trial.*

*To obtain a judgment in an unlawful detainer action for nonpayment of rent on a residential property, a plaintiff must verify that no rental assistance or other financial compensation has been received for the amount demanded in the notice or accruing afterward, and that no application is pending for such assistance. To obtain a default judgment, plaintiff must use* Verification by Landlord Regarding Rental Assistance—Unlawful Detainer *(form UD-120) to make this verification and provide other information required by statute.*

1. PLAINTIFF (name each):
   Sophia Maria Resendez, Robert LeRoy Lucero Sr.

   alleges causes of action in the complaint filed in this action against DEFENDANT (name each):
   Nicholas Mark Lucero

2. **Statutory cover sheet allegations** (Code Civ. Proc., § 1179.01.5(c))
   a. This action seeks possession of real property that is (check all that apply): ☒ Residential     ☐ Commercial
      (If "residential" is checked, complete items 3 and 4 and all remaining items that apply to this action. If only "commercial" is checked, no further items need to be completed except the signature and verification on page 5; a summons may be issued.)
   b. This action is based, in whole or in part, on an alleged default in payment of rent or other charges. ☒ Yes     ☐ No

3. **Item 3 has been removed as it only applied before July 1, 2022.**

THIS SPACE INTENTIONALLY LEFT BLANK

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
UD-101 [Rev. July 16. 2022]

PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER

Code of Civil Procedure. § 1179.01 et seq.

| | UD-101 |
|---|---|
| PLAINTIFF: Sophia Maria Resendez, Robert LeRoy Lucero Sr. | CASE NUMBER: |
| DEFENDANT: Nicholas Mark Lucero | |

---

THIS SPACE INTENTIONALLY LEFT BLANK

---

4.  **Tenants subject to COVID-19 Tenant Relief Act** (Code Civ. Proc., § 1179.02(h))

   a. (1) One or more defendants in this action is a natural person: ☒ Yes ☐ No
   (2) Identify any defendant not a natural person:

   *(If no is checked, then no further items need to be completed except the signature and verification, and item 12 if the action is based on nonpayment of rent.)*

   b. (1) All defendants named in this action maintain occupancy as described in Civil Code section 1940(b): ☒ Yes ☐ No
   (2) Identify any defendant who does not:

   *(If yes is checked, then no further items need to be completed except the signature and verification, and item 12 if the action is based on nonpayment of rent.)*

5.  ☐ **Unlawful detainer notice expired before March 1, 2020**
   The unlawful detainer complaint in this action is based solely on a notice to quit, to pay or quit, or to perform covenants or quit, in which the time period specified in the notice expired before March 1, 2020. *(If this is the only basis for the action, no further items need to be completed except the signature and verification on page 5. (Code Civ. Proc., § 1179.03.5(a)(1).))*

6.  ☐ **Rent or other financial obligations due between March 1, 2020, and August 31, 2020 (protected time period)**
   The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due in the protected time period. *(Check all that apply.)*

   a. ☐ Defendant *(name each):*


   was provided all the required versions of the "Notice from the State of California" required by Code of Civil Procedure section 1179.04. *(Provide information regarding service of the notice or notices in item 8 below.)*

   b. ☐ Defendant *(name each):*


   was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19–related financial distress, in the form and with the content required in Code of Civil Procedure section 1179.03(b) and (d).

   *(If the notice identified defendant as a **high-income tenant** and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))*

   *(If filing form UD-100 with this form and item 6b is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

| | UD-101 |
|---|---|
| PLAINTIFF: Sophia Maria Resendez, Robert LeRoy Lucero Sr. | CASE NUMBER: ODSW2302163 |
| DEFENDANT: Nicholas Mark Lucero | |

6.  c.  Response to notice *(check all that apply)*:

    (1) ☐ Defendant *(name each)*:

    delivered a declaration of COVID-19–related financial distress on landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

    (2) ☐ Defendant *(name each)*:

    did *not* deliver a declaration of COVID-19–related financial distress on landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

7.  ☐ **Rent or other financial obligations due between September 1, 2020, and September 30, 2021 (the transition time period)** The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due during the transition time period.

    a.  ☐ Defendant *(name each)*:

    was provided all the required versions of the "Notice from the State of California" as required by Code of Civil Procedure section 1179.04. *(Provide information regarding service of the notice or notices in item 8 below.)*

    b.  ☐ Defendant *(name each)*:

    was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19–related financial distress, in the form and with the content required in Code of Civil Procedure section 1179.03(c) and (d).

        *(If the notice identified defendant as a **high-income tenant** and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))*

        *(If filing form UD-100 with this form and item 7b is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

    c.  Response to notice *(check all that apply)*:

      (1) ☐ Defendant *(name each)*:

      delivered a declaration of COVID-19–related financial distress on the landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

      (2) ☐ Defendant *(name each)*:

      did *not* deliver a declaration of COVID-19–related financial distress on the landlord in the time required. (Code Civ. Proc., § 1179.03(f).))

    d.  ☐ Rent or other financial obligations due:

      (1) Rent or other financial obligations in the amount of $         was due between September 1, 2020, and September 30, 2021.

      (2) Payment of $         for that period was received by September 30, 2021.

8.  **Service of Code of Civil Procedure Section 1179.04 Notice from the State of California** *(You must complete this item if you checked item 6 or 7 above. Section 1179.04 provides three separate versions of a "Notice from the State of California" that the landlord was to provide to tenants at different times during the pandemic (the notices referenced in items 6a and 7a above). This item addresses when and how those notices were provided.)*

    a.  **September 2020 Notice.** Plaintiff provided the required notice for tenants who, as of September 1, 2020, had any unpaid rent or other financial obligations due any time between March 1, 2020, and August 31, 2020 (Code Civ. Proc., § 1179.04(a)), to defendants identified in 6a or as follows:

      (1) ☐ By sending a copy by mail addressed to each named defendant on *(date)*:

      (2) ☐ By personally handing a copy to each named defendant on *(date)*:

**PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

UD-101

| PLAINTIFF: Sophia Maria Resendez, Robert LeRoy Lucero Sr. | CASE NUMBER |
|---|---|
| DEFENDANT: Nicholas Mark Lucero | |

8. a. (3) ☐ By some other method of service described in Code of Civil Procedure section 1162. (*If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8a.*)

(4) ☐ In different ways for different defendants. (*If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8a.*)

(5) ☐ Plaintiff was not required to serve the September 2020 notice on the named defendants.

b. **February 2021 Notice.** Plaintiff provided the required notice for tenants who as of February 1, 2021, had unpaid rent or other financial obligations due any time after March 1, 2020, (Code Civ. Proc., § 1179.04(b)) to defendants identified in 6a and 7a as follows:

(1) ☐ By sending a copy by mail addressed to each named defendant on *(date):*

(2) ☐ By personally handing a copy to each named defendant on *(date):*

(3) ☐ By some other method of service described in Code of Civil Procedure section 1162. (*If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8b.*)

(4) ☐ In different ways for different defendants. (*If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8b.*)

(5) ☐ Plaintiff was not required to serve the February 2021 notice on the named defendants.

c. **July 2021 Notice.** Plaintiff provided the required notice for tenants who as of July 1, 2021, had unpaid rent or other financial obligations due any time after March 1, 2020, (Code Civ. Proc., § 1179.04(c)) to defendants identified in 6a and 7a as follows:

(1) ☐ By sending a copy by mail addressed to each named defendant on *(date):*

(2) ☐ By personally handing a copy to each named defendant on *(date):*

(3) ☐ By some other method of service described in Code of Civil Procedure section 1162. (*If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8c.*)

(4) ☐ In different ways for different defendants. (*If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8c.*)

(5) ☐ Plaintiff was not required to serve the July 2021 notice on the named defendants.

9. ☐ **High-income tenant.** The 15-day notice in item 6b or 7b above identified defendant as a high-income tenant and requested submission of documentation supporting the tenant's claim that tenant had suffered COVID-19–related financial distress. Plaintiff had proof before serving that notice that the tenant has an annual income that is at least 130 percent of the median income for the county the rental property is located in and not less than $100,000. (Code Civ. Proc., § 1179.02.5.)

a. ☐ The tenant did not deliver a declaration of COVID-19–related financial distress within the required time. (Code Civ. Proc., § 1179.03(f).)

b. ☐ The tenant did not deliver documentation within the required time supporting that the tenant had suffered COVID-19–related financial distress as asserted in the declaration. (Code Civ. Proc., § 1179.02.5(c).)

10. ☐ **Rent or other financial obligations due between October 1, 2021, and March 31, 2022 (recovery period rental debt).** The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due during the recovery period. (*Check a, b, or c.*)

a. ☐ Defendant *(name each):*

was served with at least 3 days' notice to pay rent or other financial obligations or quit, in a notice that included the information about the government rental assistance program and possible protections, as required by Code of Civil Procedure section 1179.10.

(*If filing form UD-100 with this form and this item is checked, specify this notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.*)

b. ☐ The tenancy was not initially established before October 1, 2021, and the special notice to quit required by Code of Civil Procedure section 1179.10 does not apply in this action.

c. ☐ The 3 days' notice to pay rent or other financial obligations or quit was served on or after July 1, 2022, and the special notice to quit required by Code of Civil Procedure section 1179.10 does not apply in this action.

**PLAINTIFF'S MANDATORY COVER SHEET AND**
                         **SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

| | |
|---|---|
| PLAINTIFF: Sophia Maria Resendez, Robert LeRoy Lucero Sr. | UD-101 |
| DEFENDANT: Nicholas Mark Lucero | CASE NUMBER: UDSW2202163 |

11. [×] **Rent or other financial obligations due after March 31, 2022.** (*Only applicable if action is filed on or after April 1, 2022.*) The only demand for rent or other financial obligations on which the unlawful detainer complaint in this action is based is a demand for payment of rent due after March 31, 2022.

12. [×] **Statements regarding rental assistance** (*Required in all actions based on nonpayment of rent or any other financial obligation. Plaintiff must answer all the questions in this item and, if later seeking a default judgment, will also need to file Verification Regarding Rental Assistance—Unlawful Detainer (form UD-120).*)

   a. Has plaintiff received rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint? [ ] Yes  [×] No

   b. Has plaintiff received rental assistance or other financial compensation from any other source for rent accruing *after* the date of the notice underlying the complaint? [ ] Yes  [×] No

   c. Does plaintiff have any pending application for rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint? [ ] Yes  [×] No

   d. Does plaintiff have any pending application for rental assistance or other financial compensation from any other source for rent accruing *after* the date on the notice underlying the complaint? [ ] Yes  [×] No

13. [×] **Other allegations** Plaintiff makes the following additional allegations: (*State any additional allegations below, with each allegation lettered in order, starting with (a), (b), (c), etc. If there is not enough space below, check the box below and use form MC-025, title it Attachment 13, and letter each allegation in order.*) [ ] Other allegations are on form MC-025.

   Defendant: Nicholas Mark Lucero created fraudulent lease agreements and commit acts described in California Penal Code 368(d) PC.

   *California Penal Code 368 PC defines the crime of elder abuse as inflicting physical or emotional abuse, neglect, or financial exploitation upon a victim who is 65 years of age or older. The offense can be prosecuted as a misdemeanor or a felony, and is punishable by up to 4 years of jail or prison

14. [ ] Number of pages attached *(specify):*

Date: 10/31/2023

Sophia Maria Resendez, Robert LeRoy Lucero Sr.
(TYPE OR PRINT NAME)

▶ *Robert LeRoy Lucero Sr.*
▶ *Sophia Maria Resendez*
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 10/31/2023

Sophia Maria Resendez, Robert LeRoy Lucero Sr.
(TYPE OR PRINT NAME)

▶ *Robert LeRoy Lucero Sr.*
▶ *Sophia Maria Resendez*
(SIGNATURE)

For your protection and privacy, please press the Clear This Form button after you have printed the form.     [ Print this form ]  [ Save this form ]     [ Clear this form ]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D:

## WRIT OF EXECUTION

NICHOLAS MARK LUCERO: 28 U.S.C. SECTION 1443(1) NOTICE OF REMOVAL FROM RIVERSIDE COUNTY, CALIFORNIA
SUPERIOR COURT CASE NO. UDSW2302163 FOR VIOLATION OF EQUAL PROTECTION AND DUE PROCESS OF LAW

EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|

NAME: **Sophia Maria Resendez, Robert LeRoy Lucero Sr.**
FIRM NAME: **Pro Per**
STREET ADDRESS: **26293 Aleppo Pine Circle**
CITY: **Menifee**     STATE: **CA**     ZIP CODE: **92584**
TELEPHONE NO.: **(951)380-9279**     FAX NO.:
EMAIL ADDRESS:
ATTORNEY FOR (name): **Pro Per**

RECEIVED
RIVERSIDE CLERK
COURT SERVICES CENTRAL

2023 DEC 12 PM 1: 58

| ☐ ATTORNEY FOR | ☒ ORIGINAL JUDGMENT CREDITOR | ☐ ASSIGNEE OF RECORD |
|---|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside
STREET ADDRESS: **30755-D Auld Rd**
MAILING ADDRESS:
CITY AND ZIP CODE: **Murrieta, CA 92563**
BRANCH NAME: **South West Justice Center**

| PLAINTIFF/PETITIONER: Sophia Maria Resendez, Robert LeRoy Lucero Sr. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Nicholas Mark Lucero | **UDSW2302163** |

| WRIT OF | ☐ EXECUTION (Money Judgment) | ☒ Limited Civil Case (including Small Claims) |
|---|---|---|
| ☒ POSSESSION OF | ☐ Personal Property | ☐ Unlimited Civil Case (including Family and Probate) |
| ☐ SALE | ☒ Real Property | |

1. **To the Sheriff or Marshal of the County of:** Riverside
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.
2. **To any registered process server:** You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.
3. (Name): Sophia Maria Resendez, Robert LeRoy Lucero Sr.
   is the ☒ original judgment creditor ☐ assignee of record whose address is shown on this form above the court's name.

4. **Judgment debtor** (name, type of legal entity if not a natural person, and last known address):

   Nicholas Mark Lucero

   27670 Sylvia Ave
   Menifee, CA 92585

   ☐ Additional judgment debtors on next page

5. **Judgment entered on** (date): ~~12-07-2023~~
   (See type of judgment in item 22.) DEC 12 2023

6. ☐ **Judgment renewed on** (dates): DEC 12 2023

7. **Notice of sale** under this writ:
   a. ☒ has not been requested.
   b. ☐ has been requested (see next page).

8. ☐ Joint debtor information on next page.

   [SEAL]

9. ☒ Writ of Possession/Writ of Sale information on next page.
10. ☐ This writ is issued on a sister-state judgment.

For items 11–17, see form MC-012 and form MC-013-INFO.
| | |
|---|---|
| 11. Total judgment (as entered or renewed) | $ "Possession only" |
| 12. Costs after judgment (CCP 685.090) | $ |
| 13. Subtotal (add 11 and 12) | $ |
| 14. Credits to principal (after credit to interest) | $ |
| 15. Principal remaining due (subtract 14 from 13) | $ |
| 16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees) | $ |
| 17. Fee for issuance of writ (per GC 70626(a)(l)) | $ |
| 18. Total amount due (add 15, 16, and 17) | $ 0.00 |

19. Levying officer:
   a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) . . . . . . . . . . . . . . . $ 0.00
   b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.50(j)) . . . . . . . . . . . . . . . $ 0.00

20. ☐ The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

Date: DEC 12 2023     Clerk, by _____, Deputy

**NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.**

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. September 1, 2020]

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

J. PRENDERGAST

| | |
|---|---|
| Plaintiff/Petitioner: Sophia Maria Resendez, Robert LeRoy Lucero Sr. | **EJ-130** |
| Defendant/Respondent: Nicholas Mark Lucero | CASE NUMBER: UDSW2302163 |

21. ☐ Additional judgment debtor(s) *(name, type of legal entity if not a natural person, and last known address):*

22. The judgment is for *(check one):*

    a. ☐ wages owed.

    b. ☐ child support or spousal support.

    c. ☒ other. Possession of Real Property

23. ☐ Notice of sale has been requested by *(name and address):*

24. ☐ Joint debtor was declared bound by the judgment (CCP 989-994)

    a. *on (date):*
    b. name, type of legal entity if not a natural person, and last known address of joint debtor:

    a. *on (date):*
    b. name, type of legal entity if not a natural person, and last known address of joint debtor:

    c. ☐ Additional costs against certain joint debtors are itemized: ☐ below ☐ on Attachment 24c.

25. ☒ (Writ of Possession or Writ of Sale) **Judgment** was entered for the following:

    a. ☒ Possession of real property: The complaint was filed on *(date):* **11/06/2023**
        *(Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)*

      (1) ☒ The *Prejudgment Claim of Right to Possession* was served in compliance with CCP 415.46. The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.

      (2) ☐ The *Prejudgment Claim of Right to Possession* was NOT served in compliance with CCP 415.46.

      (3) ☐ The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the judgment may file a *Claim of Right to Possession* at any time up to and including the time the levying officer returns to effect eviction, regardless of whether a *Prejudgment Claim of Right to Possession* was served.) *(See CCP 415.46 and 1174.3(a)(2).)*

      (4) If the unlawful detainer resulted from a foreclosure (item 25a(3)), or if the *Prejudgment Claim of Right to Possession* was not served in compliance with CCP 415.46 (item 25a(2)), answer the following:

        (a) The daily rental value on the date the complaint was filed was $

        (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify):*

*Item 25 continued on next page*

EJ-130

| | |
|---|---|
| Plaintiff/Petitioner: Sophia Maria Resendez, Robert LeRoy Lucero Sr. | CASE NUMBER: |
| Defendant/Respondent: Nicholas Mark Lucero | UDSW2302163 |

25. b. ☐ Possession of personal property.

☐ If delivery cannot be had, then for the value *(itemize in 25e)* specified in the judgment or supplemental order.

c. ☐ Sale of personal property.

d. ☐ Sale of real property.

e. The property is described ☐ below ☐ on Attachment 25e.

27670 Sylvia Ave
Menifee, CA 92585

---

### NOTICE TO PERSON SERVED

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

---

1
2
3
4
5
6
7
8

# EXHIBIT E:

## WRIT OF POSSESSION

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NICHOLAS MARK LUCERO: 28 U.S.C. SECTION 1443(1) NOTICE OF REMOVAL FROM RIVERSIDE COUNTY, CALIFORNIA SUPERIOR COURT CASE NO. UDSW2302163 FOR VIOLATION OF EQUAL PROTECTION AND DUE PROCESS OF LAW

| TO (Name and Address): | LEVYING OFFICER (Name and Address): |
|---|---|
| **OCCUPANT**<br>27670 Sylvia Ave<br>Menifee, CA 92585<br><br>EMAIL: | **Riverside County Sheriff's Office**<br>30755-D Auld Road, Ste. L067<br>**Murrieta, CA 92563**<br><br>**(951) 304-5050**<br>**(951) 304-5066** |

| NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY: | |
|---|---|
| Superior Court Of California, County of Riverside<br>30755-D Auld Road<br>Murrieta, CA 92563 | **California Relay Service Number**<br>(800) 735-2929 TDD or 711 |

| PLAINTIFF:<br>Sophia Maria Resendez. Robert LeRoy Lucero Sr. | COURT CASE NO: |
|---|---|
| DEFENDANT:<br>**Nicolas Mark Lucero** | **UDSW2302163** |

| **Notice to Vacate** | LEVYING OFFICER FILE NO:<br>**2023206358** |
|---|---|

By virtue of the Writ of Execution for Possession/Real Property (eviction), issued out of the above court, you are hereby ordered to vacate the premises described on the writ.

| **Eviction Address:** | 27670 Sylvia Ave<br>Menifee, CA 92585 |
|---|---|

| **Final notice is hereby given that possession of the property must be turned over to the landlord on or before:** | **Tuesday, December 26, 2023  06:01 am** |
|---|---|

Should you fail to vacate the premises within the allotted time, I will immediately enforce the writ by removing you from the premises. All personal property upon the premises at the time will be turned over to the landlord, who must return said personal property to you upon your payment of the reasonable cost incurred by the landlord in storing the property from the date of eviction to the date of payment. If the property is stored on the landlord's premises, the reasonable cost of storage is the fair rental value of the space necessary for the time of storage. If you do not pay the reasonable storage costs and take possession within fifteen (15) days, the landlord may either sell your property at a public sale and keep from the proceeds of the sale the costs of storage and of the sale (1988 CIV), or, if the property is valued at less than $700.00, the landlord may dispose of your property or retain it for his own use. (715.010(b)(3), 1174 CCP)

If you claim a right of possession of the premises that accrued prior to the commencement of this action, or if you were in possession of the premises on the date of the filing of the action and you are not named on the writ, complete and file the attached Claim of Right of Possession form with this office. No claim of right to possession can be filed if the prejudgment claim of right to possession was served as indicated on the writ unless the eviction is the result of a foreclosure.

**Chad Bianco**
**Sheriff - Coroner**

By: _____

Sheriff's Authorized Agent